UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| AMY CORBETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:23-cv-8 |
| | ) |
| INDIANA UNIVERSITY HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Amy Corbett ("Corbett"), brings this action against Defendant, Indiana University Health, Inc. ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA").

## PARTIES

2. Corbett is a citizen of Indiana and has resided within the Northern District of Indiana at all relevant times.

3. Defendant operates and does business within the Northern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Corbett was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(3).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

7. Corbett satisfied her obligations to exhaust her administrative remedies, having

timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Corbett. She now timely files her lawsuit.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Defendant employed Corbett as a Registered Nurse from on or about November 14, 2005, through on or about September 15, 2021.

10. Corbett's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

11. Corbett is a qualified individual with a disability, has a record of a disability, and/or has been regarded as disabled by Defendant.

12. Corbett suffers from multiple medical conditions which interfere with one or more activities of daily life.

13. As a result of her medical conditions, Corbett previously had severe and dangerous reactions to receiving the flu vaccine.

14. Corbett became sick for several weeks, including excessive vomiting, the last time she took a flu vaccine. Her vomiting was so severe and excessive that it resulted in a herniated disc in her neck requiring surgery.

15. Corbett's medical providers have told her that, if she were to have similar reactions to a vaccine, the consequences would be worse because of her surgically repaired vertebrae.

16. Beginning in or about 2012 until her separation, Defendant granted Corbett a requested exemption from its requirement that employees receive an annual flu vaccine.

17. On or about June 1, 2021, Defendant announced that it would require its employees to obtain the Covid-19 vaccine on or before September 1, 2021, or face termination.

18. Defendant's vaccine mandate provided for exemptions for medical and religious reasons.

19. Corbett's medical provider advised her that she should not receive the vaccine because of the serious risk of complications to her.  Her medical provider provided documentation that she could submit to Defendant to support her requested medical exemption.

20. On or about June 14, 2021, Corbett submitted a request for a medical exemption, with supporting documentation from several medical providers.

21. Corbett's request for a medical exemption constituted a request for a reasonable accommodation.

22. Defendant denied Corbett's medical exemption on or about June 19, 2021.

23. Defendant did not engage in the interactive process with Corbett about her requested accommodation and did not proffer an alternative accommodation to her.

24. Corbett filed an appeal of the medical exemption denial with Defendant's Medical Exemption Team.

25. The Medical Exemption Team denied her appeal on or about July 21, 2021.

26. Defendant provided no reason for the denial.

27. Defendant again did not engage in the interactive process with Corbett about her requested accommodation and did not proffer an alternative accommodation to her.

28. On or about August 21, 2021, Corbett's supervisor asked Corbett whether she wanted to apply for a religious exemption, as Defendant's policy was to grant such an exemption,

without any scrutiny, to any employee who stated he/she had a sincerely held religious objection to the vaccine.

29. Corbett responded that she did not have a religious objection because her Methodist faith did not conflict with the use of the vaccine. She further stated that she would not submit a dishonest request to obtain an exemption.

30. On or about September 1, 2021, Defendant placed Corbett on an unpaid two-week suspension pending termination for not obtaining the Covid-19 vaccine.

31. Defendant fired Corbett on or about September 15, 2021.

32. Defendant could have provided the medical exemption to the vaccine to Corbett without undue hardship because Defendant provided the same accommodation to a substantial number of similarly-situated employees who had requested religious exemptions.

33. Defendant fired Corbett because of her disability, her record of a disability, and/or its perception of her being disabled.

34. On information and belief, Defendant has accorded more favorable employment terms and conditions to comparators outside of Corbett's protected classes.

35. Any reason proffered by Defendant for the adverse actions it took against Corbett is pretextual.

36. Corbett has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

37. Corbett hereby incorporates paragraphs 1-36 of her Complaint.

38. Corbett asked for reasonable accommodation.

39. Defendant did not engage in the interactive process with Corbett and did not provide any reasonable accommodation to her concerning the Covid-19 vaccine.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Corbett's rights as protected by the ADA.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

41. Corbett hereby incorporates paragraphs 1-40 of her Complaint.

42. Defendant took adverse employment actions against Corbett because of her disability, her record of a disability, and/or its perception of her being disabled.

43. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Corbett's rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Amy Corbett, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Corbett to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Corbett;

3. Defendant pay compensatory and punitive damages to Corbett;

4. Defendant pay pre- and post-judgment interest to Corbett;

5. Defendant pay Corbett's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Corbett any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Chad M. Buell*
Chad M. Buell, Attorney No. 20044-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com
Attorneys for Plaintiff, Amy Corbett

## **DEMAND FOR JURY TRIAL**

Plaintiff, Amy Corbett, by counsel, respectfully requests a jury trial for all issues deemed triable.

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Chad M. Buell*
Chad M. Buell, Attorney No. 20044-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:   jhaskin@jhaskinlaw.com
Email:   cbuell@jhaskinlaw.com
Attorneys for Plaintiff, Amy Corbett